5472.

(Court of Appeal, Parish of Orleans.)

# ORLEANS TILE MANUFACTURING COMPANY vs. DR. A. B. JANARELLI.

Where the violation of a contract is a passive one, an action in damages for such violation must be preceded by a putting in default.

Appeal from the Civil District Court, Division "B"

Cage, Baldwin & Crabites, for plaintiff and appellee.

J. J. Prowell, for defendant and appellant.

DUFOUR, J—The plaintiff sues the defendant for the value of cement building blocks furnished him under a written contract.

Under the terms of the agreement 3800 blocks were to be furnished and also as many extra as might from time to time be called for, and the only requirement as to time of delivery of the material was that "the contractor should push his work to completion as rapidly as will be consistent with good workmanship."

The defense denies delivery of the blocks in accordance with the terms of the agreement, and claims in reconvention certain damages incurred by the alleged failure of plaintiff to make timely delivery and also the value of certain blocks said to have been returned to him.

It is shown by the certificate of the architects and the testimony of plaintiff that the blocks originally specified in the contract, 3800 in number were duly delivered and accepted. The action of the architects, the arbiters under the contract, is not attacked as fraudulent and arbitrary and must therefore stand.

The attempted return to plaintiff of 200 blocks in bad condition which had been previously accepted as in good condition does not appeal to us as furnishing a just basis for reimbursement.

Assuming, for the sake of argument, that there was delay in delivering the extra blocks, yet there is no liability therefor chargeable to the plaintiff. His alleged violation of the contract was a passive one and an action for damages in such case must be preceded by a putting in default.

<div align="center">37 An., 659; 38 An., 786.</div>

The contract itself, following the law, adopts a mode of putting in moro by authorizing the owner to provide other materials upon giving twenty four hours notice in writing to the contractor who neglects to supply a sufficiency of materials.

There is no evidence of compliance with the law or the contract in this respect, and we must conclude that the judgment in favor of plaintiff for the value of the material furnished and rejecting the reconventional demand is correct.

Judgment affirmed.

January 22nd, 1912.

———————o———————

<div align="center">

5486.

(Court of Appeal, Parish of Orleans.)